# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RICK MELVILLE,

          Plaintiff,

       -vs-                           Case No. 13-CV-972

JAMES GREER, MR. GOLDEN,
CARRIE SPRANGER, MS. WATTS,
JANE DOES 1-3, DR. JOSEPH,
DR. MURPHY, and DANIELLE FOSTER,

          Defendants.

## DECISION AND ORDER

The plaintiff has filed a letter in which he asserts that he has almost reached his legal loan limit. He seeks the Court's assistance in maintaining access to the courts given that his funds are nearly depleted. Since filing this letter, the plaintiff has filed documents, correspondence, and discovery requests. Thus, it appears that he is able to continue litigating this case. As such, his motion will be denied as moot.

The plaintiff has filed a motion for an order allowing unlimited interrogatories. He asserts that the defendants have limited him to twenty-five interrogatories. The plaintiff further asserts that he cannot move forward in his discovery unless he is allowed more interrogatories to uncover facts and documents, and that follow-up questions will be needed. The defendants did not respond to the motion.

The Local Rules provide in relevant part:

> (3) More than 25 interrogatories may be served on a party only if that party agrees in writing or the Court so orders. A party seeking to serve more than 25 interrogatories may move the Court for permission only after seeking the agreement of the party on whom the additional interrogatories would be served. If a party desires to serve additional interrogatories, the party must promptly consult with the party to whom the additional interrogatories would be propounded and attempt to reach a written stipulation as to a reasonable number of additional interrogatories. The stipulation allowing additional interrogatories to be served should not be filed with the Court except in connection with a motion to compel answers. If a stipulation cannot be reached, the party seeking to serve additional interrogatories may move the Court for permission to serve additional interrogatories.

Civil L.R. 33(a)(3) (E.D. Wis.). In addition, "[i]nterrogatories inquiring about the names and locations of persons having knowledge of discoverable information or about the existence, location, or custodian of documents or physical evidence do not count toward the 25 interrogatory limit." Civil L.R. 33(a)(2)(B) (E.D. Wis.)

Here, it appears that the plaintiff has already sought the agreement of the defendants to serve additional interrogatories and that the defendants do not agree. As the parties cannot reach a stipulation, the plaintiff may seek permission from the Court. However, the Court cannot rule on his motion without knowledge of how many additional interrogatories he seeks; the Court will not permit "unlimited" interrogatories. Thus, the plaintiff's motion will be denied without prejudice with leave to renew. If the plaintiff renews his motion, he should also include the nature of any additional interrogatories.

The plaintiff has filed a motion to stay the filing fee order until release from custody or final disposition of his case due to extreme poverty. However, the question of how a

2

prisoner's filing fee is to be collected is determined entirely by the Prison Litigation Reform Act and is outside the prison's control once the prisoner files a complaint or notice of appeal. *See* 28 U.S.C. § 1915(b)(2); *Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997), rev'd on other grounds by, *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) and *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000). Thus, the plaintiff's motion will be denied.

The plaintiff has filed a motion for examination by an outside doctor pursuant to Federal Rule of Civil Procedure 35. He asserts that the defendants are failing to follow two medical specialists' recommendations based on the costs involved. The plaintiff further asserts that just because he is receiving some medical care does not mean that the defendants are not deliberately indifferent.

To obtain a Rule 35 examination, a party seeking such examination must show that each condition for which the examination is sought is "genuinely in controversy" and that "good cause exists for ordering the examination." *Schlagenhauf v. Holder*, 379 U.S. 104, 118-19 (1964); *see also Green v. Branson*, 108 F.3d 1296, 1304 (10th Cir. 1997) (Rule 35 motion is not properly used to obtain medical care or to complain of deliberate indifference to a prisoner's serious medical needs). Such showings are not met by mere conclusory allegations of the pleadings or by mere relevance to the case. *Schlagenhauf*, 379 U.S. at 118-19. Rather, an affirmative showing by the movant of the factors specified by Rule 35 is required. *Id.* "Mental and physical examinations are only to be ordered upon a discriminating application . . . of the limitation prescribed by the Rule." *Id.* at 121.

The plaintiff has failed to make the requisite showing that "each condition for which the examination is sought is genuinely in controversy" and that there is good cause for such examinations. *See Schlagenhauf*, 379 U.S. at 118-19. Moreover, a medical examination is not necessary at this stage of the litigation. Accordingly, his motion for a Rule 35 motion will be denied.

The plaintiff has filed a motion for order in which he asserts that he is having difficulty with discovery because his medical files are illegible but the defendants refer him to them. He also asserts that he has very limited funds to litigate this case and will have to resort to filing documents on scrap paper once his legal loan funds run out. The plaintiff further requests that the Court stay the Scheduling Order until the pending motions are resolved. This Order resolves the pending motions. It is unclear what more the plaintiff wants to Court to do.[1] Based on the foregoing, his motion will be denied.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for continued access to the Court (Docket # 58) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for order allowing

---

[1] If he needs additional time for discovery, the plaintiff may file a motion for extension of time. In addition, the plaintiff is advised that the way to obtain information during the course of this action is to make discovery requests of the defendants and not from the Court. Rules 26 through 37 of the Federal Rules of Civil Procedure describe the various ways in which a party can seek discovery. The plaintiff is advised that he should send his discovery requests to the appropriate defendant's attorney.

The Court only becomes involved in the discovery process if a party fails to respond to interrogatories or requests for production of documents. Then, the other party may file a motion to compel discovery with the Court, but only after conferring or attempting to confer with the party failing to make disclosure or discovery in an effort to obtain it without court action. Such an attempt to resolve discovery disputes between parties is required before filing a motion to compel discovery. The motion should describe these efforts. See Fed. R. Civ. P 37(a); Civil L. R. 37 (E.D. Wis.).

unlimited interrogatories (Docket # 63) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to stay the filing fee order (Docket # 67) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for order to be examined by an outside doctor (Docket # 69) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for order (Docket # 72) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 30th day of May, 2014.

**SO ORDERED,**

**HON. RUDOLPH T. RANDA**
**U. S. District Judge**