# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RICK MELVILLE,

          Plaintiff,

   -vs-                                                Case No. 13-CV-972

JAMES GREER, MR. GOLDEN,
CARRIE SPRANGER, MS. WATTS,
JANE DOE 1-3, DR. JOSEPH,
DR. MURPHY, and DANIELLE FOSTER,

          Defendants.

# DECISION AND ORDER

On June 5, 2014, the plaintiff filed a motion for reconsideration of the Court's May 30, 2014, Order denying his request to be examined by an outside doctor (Docket 76). He asserts the Court should have granted his request because he has been left untreated completely since 2012. The Court directed the defendants to file a response to the motion for reconsideration and to specifically address the plaintiff's contention that he should be examined by an outside doctor as well as his assertion that he is suffering constant nerve pain. In response, the defendants filed the affidavit of Patrick Murphy, M.D., which sets forth medical care the plaintiff has received since entering Wisconsin Department of Corrections custody in June 2012. According to Dr. Murphy:

> Since entering the DOC in June 2012, Mr. Melville has been housed and cared for at three different institutions. He was

cared for at Dodge Correctional Institution (DCI) and the Milwaukee Secure Detention Facility (MSDF) before eventually coming to OSCI on April 12, 2013.

Mr. Melville has claimed at all three facilities that he has needed to see a "pain specialist" for a "spinal cord stimulator." He told this writer that he had an appointment for such an evaluation in May of 2012, but that due to being arrested in April 2012, he was unable to make this appointment.

Upon checking with his previous clinic, the DOC learned that there was no such appointment scheduled, and he hadn't been seen since 2011. On a different occasion, he told me that an EMG (a test to look for nerve damage) had been scheduled at one time, but that he failed to show up for the appointment. Mr. Melville's actions are not consistent with a patient who was in urgent need of a "pain specialist" referral.

In light of the above information, and in light of the fact that medicines typically used to treat nerve pain had not yet been tried, attempts were made at both previous institutions, as well as at OSCI, to treat Mr. Melville's nerve pain. Medication trials prior to his incarceration at OSCI included Acetaminophen, Naproxen, Gabapentin, Baclofen and Amitriptyline.

Since arriving at OSCI on April 12, 2013, the patient has been seen by me on six subsequent occasions: July 17, 2013; September 13, 2013; December 13, 2013; April 23, 2014; April 30, 2014; and June 4, 2014. Additional medications trials have included Ibuprofen, Duloxetine and Nortriptyline. All of these medications have been either ineffective and/or caused reported side effects.

Physical therapy has also been ordered and a TENS unit tried, but not tolerated. Special accommodations offered to the patient have included a wheelchair for distance, extra blanket and extra thermals, a cane, several different knee braces, a different housing unit to minimize time in the cold and ongoing attempts to find shoes adequate for his ankle brace and heel lift. Although they haven't given him the results he has wanted, it is

>   clear that Mr. Melville has not gone untreated.
>
>   An EMG was eventually performed, and did show a peroneal neuropathy, which only partly explains Mr. Melville's symptoms and findings. Because of his ongoing pain, and multiple medications trial failures, a pain clinic referral was made on February 4, 2014 (although staff at the pain clinic were unable to see him until June 2, 2014). Although it took longer than Mr. Melville would have liked, it is well within the standard of care that before an invasive procedure (a spinal cord stimulator) could be considered, it was logical and necessary that attempts at conservative therapies be exhausted first.

(Affidavit of Patrick Murphy, M.D. ¶¶ 10-16.)

The second sentence of Federal Rule of Civil Procedures 54(b) states that:

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

A district court will grant a motion for reconsideration when: (1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in the law since the submission of the issue to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court. *Bank of Waunakee v. Rochester Cheese Sales Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

Motions for reconsideration serve a limited function: to correct manifest errors

3

of law or fact or to present newly discovered evidence. *Caisse Nationale de Credit Agricole v. CBI Indus, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id.* at 1270.

The plaintiff has not established that the Court's May 30, 2014, Order contains a manifest error of law. Moreover, Dr. Murphy's affidavit demonstrates that the plaintiff has recently been referred to a pain clinic. Therefore, the Court will not overturn its May 30, 2014, decision denying the plaintiff's request to be examined by an outside doctor pursuant to Rule 35(a).

On June 6, 2014, the plaintiff filed a motion to compel discovery in which he requests that the defendants fully answer his interrogatories dated February 12, 2014, April 19, 2014, and May 11, 2014 (Docket 81). According to the plaintiff, the defendants claim that the plaintiff is only allowed twenty-five interrogatories for all parties combined. The plaintiff also moves the Court to compel the defendants to produce his discovery requests dated November 28, 2013, January 7, 2014, January 21, 2014, February 3, 2014, February 16, 2014, March 26, 2014, April 19, 2014, Request for Documents (B) undated, and May 28, 2014. On July 16, 2014, the plaintiff filed another motion to compel discovery (Docket 93). By this motion, he requests that the Court order the defendants to produce for inspection the enclosed documents sought in his request for production of documents. The defendants contend that both motions to compel should be denied because the plaintiff failed to include

4

a certification that he conferred or attempted to confer with them prior to filing a motion with the Court. The defendants further attach an e-mail to their response showing that the plaintiff was given the opportunity to review his medical records on July 25, 2014.

Under Federal Rule of Civil Procedure 37, a party is permitted to file a motion to compel discovery where another party fails to respond to interrogatories or requests for production of documents. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv). The movant "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Additionally, Civil Local Rule 37 requires the movant to "recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences." A motion to compel discovery pursuant to Rule 37(a) is addressed to the sound discretion of the trial court. *EEOC v. Klockner H & K Machines, Inc.*, 168 F.R.D. 233, 235 (E.D. Wis. 1996) (citation omitted).

The plaintiff's motions do not include a certification that he conferred or attempted to confer with the defendants prior to filing his motions to compel. Therefore, the motions will be denied.

On July 16, 2014, the plaintiff filed a motion for the enclosed interrogatories to be answered by the defendants (Docket 92). The enclosed interrogatories (Docket 90) are for defendants Dr. Joseph, Tina Watts, Ms. Foster, Dr. Murphy, Carrie Spranger, and James Greer. Previously, the Court denied without prejudice the plaintiff's motion to compel the

5

defendants to respond to "unlimited" interrogatories and advised the plaintiff that a renewed motion should include the nature of any additional interrogatories. The instant requests appear to be reasonable and the defendants do not oppose the motion. Therefore, the Court will allow the additional interrogatories. The Court notes that it is not clear if the discovery is still needed since the plaintiff has filed a response to the defendants' motion for summary judgment. However, under the circumstances, the Court will allow the interrogatories and will also permit the plaintiff to supplement his summary judgment response brief if warranted.

On August 12, 2014, the plaintiff filed a motion for extension of time for discovery and a motion to compel discovery (Docket 102). On August 25, 2014, he filed a motion to compel response and disclosure (Docket 105). The defendants oppose the motions because the plaintiff did not file a certification that he conferred with them prior to filing the motions to compel. They further contend that their discovery responses were proper. Because the plaintiff did not include the necessary certification regarding conferral with the defendants, his motions to compel will be denied. Finally, except as noted above with regard to the additional interrogatories, the plaintiff has not set forth sufficient reason for an extension of time.

On October 1, 2014, the plaintiff filed a motion for extension of time to respond to the defendants' motion for summary judgment (Docket 122). However, the plaintiff filed a timely response on October 10, 2014. Also, as set forth herein, he will be

permitted to supplement his response. Therefore, the motion will be denied as moot.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for reconsideration (Docket # 76) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to compel discovery (Docket # 81) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for order (Docket # 92) is **GRANTED**. Discovery is reopened for the limited purpose of the defendants responding to the plaintiff's Request for Interrogatories filed July 16, 2014 (Docket # 90). The defendants shall provide the plaintiff with a response to the interrogatories by **November 17, 2014**. The plaintiff may supplement his response to the defendants' motion for summary judgment, based on the defendants' response to his interrogatories, on or before **December 19, 2014**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to compel (Docket # 93) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for extension of time (Docket # 102) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to compel discovery (Docket # 102) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to compel response (Docket # 105) is **DENIED**.

7

**IT IS FURTHER ORDERED** that the plaintiff's motion to compel disclosure (Docket # 105) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for extension of time (Docket # 122) is **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin, this 20th day of October, 2014.

**SO ORDERED,**

_____
**HON. RUDOLPH T. RANDA**
**U. S. District Judge**